IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAHESH SHASTRY f/k/a MAHESH GOPALAKRISHNA and SURYAKALAR R. SHASTRY f/k/a SURYAKALA R. HOSANAGRA, | § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:18-cv-2090-G-BN |
| U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO WACHOVIA BANK NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-AR16, and WELLS FARGO BANK, N.A., | § § § § § § § § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. *See* Dkt. No. 5.

After Plaintiffs Mahesh and Suryakalar R. Shastry filed an Original Petition in the 95th Judicial District Court of Dallas County, *see* Dkt. No. 1-4, U.S. Bank, N.A. (as Successor Trustee to Wachovia Bank National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2005-AR16) and Wells Fargo Bank, N.A. (collectively, "Defendants") removed the case to this Court,

*see* Dkt. No. 1.

Plaintiffs then filed a Motion to Remand, *see* Dkt. No. 6, and Defendants filed a timely response, Dkt. No 7.

Whether to grant the Motion to Remand turns on if Defendants timely removed this case to federal court.

The undersigned concludes that Defendants have not met their burden to establish that they did so and that the Court should grant Plaintiffs' Motion to Remand [Dkt. No. 6].

## Background

### 1.  Pertinent facts and related proceedings

In 2002, Plaintiffs Mahesh and Suryakalar R. Shastry bought a lot in Coppell, Texas (the "Property"). *See* Dkt. No. 1-4. On or about November 2003, Plaintiffs executed a Deed of Trust in favor of Wells Fargo Bank, N.A.. *See id*. Wells Fargo Bank, N.A. then assigned ownership of the deed to U.S. Bank, N.A. on February 9, 2010. *See id*. Wells Fargo Bank, N.A. remained the mortgage servicer, acting on behalf of U.S. Bank, N.A.. *See id*.

Plaintiffs contend that a dispute then arose as to the accurate accounting of escrow debits and credits and Defendants' failure to honor a modification agreement. *See id*. As a result, on October 24, 2016, Plaintiffs filed suit against U.S. Bank, N.A., in state court action No. DC-16-3650, in the 68th Judicial District Court of Dallas County. *See id*. Plaintiffs sought damages, declaratory relief, and injunctive relief to

preclude the foreclosure sale of the Property. *See id.*

Defendants allegedly posted the Property for foreclosure, *see id*, which led Plaintiffs to seek and obtain, on October 26, 2016, a Temporary Restraining Order ("TRO") to enjoin the foreclosure, *see id*. Notwithstanding the TRO, Defendants sold the Property to U.S. Bank, N.A. in a foreclosure sale on November 1, 2016. *See id.*, Ex. C.

U.S. Bank, N.A. removed the case to federal court on November 30, 2016, based solely on diversity jurisdiction under 28 U.S.C. § 1332. *See Shastry v. U.S. Bank, N.A.*, No. 3:16-cv-3335-G-BN, Dkt. No. 1 (N.D. Tex.). Plaintiffs then filed a Motion to Remand. *See id.*, Dkt. No. 14. Under the Court's "independent obligation to ensure that [it] do[es] not exceed the scope of [its] subject-matter jurisdiction," the Court ordered the parties to submit briefs to determine whether the Court had diversity jurisdiction in light of the United States Supreme Court's then-recent decision in *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016), and other recent decisions following *Americold. See, e.g., Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). The parties complied, and the Court held that it had subject matter jurisdiction to hear the case, *see* No. 3:16-cv-3335-G-BN, Dkt. No. 19, and denied the Motion to Remand.

U.S. Bank, N.A. then filed a Motion to Dismiss before the case was briefly stayed on November 13, 2017, and then reopened on May 25, 2018. See *id.*, Dkt. No. 28.

On August 27, 2018, the Court granted U.S. Bank, N.A.'s Motion to Dismiss. See

*id.*, Dkt. No. 48. Specifically, the Court dismissed Plaintiffs' claims for breach of contract and injunctive relief without prejudice and then dismissed their quiet title claim and request for declaratory relief with prejudice. See id.

Plaintiffs then filed an Amended Complaint on September 14, 2018, asserting a breach of contract claim, to which U.S. Bank, N.A. filed a Response. See *id.*, Dkt. Nos. 52 & 53.

In the interim, U.S. Bank, N.A. filed a Motion to Consolidate Case No. 3:16-cv-3335-G-BN with this case before the Court. See Dkt. No. 45.

**2.      Immediate background on this case**

As the activity in Case No. 3:16-cv-3335-G-BN was taking place, on May 7, 2018, Defendants filed suit to evict Plaintiffs. *See* Dkt. No. 1-4, Ex. D. In response, on May 16, 2018, Plaintiffs filed an Original Petition in the 95th Judicial District Court of Dallas County. *See* Dkt. No. 1-4. Plaintiffs sought relief on claims for quiet title, wrongful eviction, and malicious prosecution. *Id.* On May 21, 2018, the state court entered a TRO to restrain and enjoin Defendants from pursuing any action for possession of the Property. *See* Dkt. No. 1-9. The order noted that the court would hold a hearing on June 4, 2018, to determine whether a temporary injunction should issue, enjoining the foreclosure of the Property during the pendency of the case. *See id.*

In an agreement with Defendants, Plaintiffs filed a Notice of Nonsuit on May 31, 2018. *See* Dkt. No. 1-19. But, after a later disagreement as to the foreclosure status, Plaintiffs then filed a Motion to Reinstate the action, on June 18, 2018, *see* Dkt. No. 1-

20. The state court entered an order granting the Motion to Reinstate on June 27, 2018, *see* Dkt. No. 1-22.

On July 31, 2018, Plaintiffs mailed a letter to Defendants' respective agents of service by certified mail, informing them that the case had been reinstated. *See* Dkt. No. 7.

Defendants then removed the case to this Court on August 10, 2018, after which Plaintiffs filed a Motion to Remand due to untimely removal.

## Legal Standards

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). A federal court's jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See id.* §§ 1331, 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c).

When determining if it has federal jurisdiction, the Court focuses on the plaintiff's pleadings "as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). But the Court "may be required to survey the entire record . . . and base its ruling on the complaint, on undisputed facts, and on its resolution of disputed facts." *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir. 1992). Statutes that authorize removal are meant

to be strictly construed. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Any "ambiguities are construed against removal," and "[t]he removing party bears the burden of showing that federal jurisdiction exists." *Manguno*, 276 F.3d at 723.

In diversity cases under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. § 1332(a). Failure to adequately allege the basis of diversity requires remand. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). And the Court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege . . . the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

28 U.S.C. § 1446(b) governs the timeliness of removal in a civil case. Section 1446(b)(1) dictates that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the

defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). The Supreme Court has held that the time for removal commences on formal service of process, not by mere receipt of the complaint unattended by any formal service. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *see also Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

And, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 607 (5th Cir. 2018).

## Analysis

Defendants removed this action to federal court based on Section 1332(a) diversity. The amount in controversy requirement is satisfied in this action. Plaintiffs seek declaratory relief voiding the foreclosure sale of the Property and injunctive relief precluding the eviction for the Property appraised at $901,690. And Defendants proffered evidence satisfying the complete diversity of citizenship.

What is in dispute is whether the Notice of Removal was timely filed. Plaintiffs contend that the Court should grant the Motion to Remand because the Notice of Removal was not timely. The undersigned agrees.

Here, the record reflects – and Defendants do not actually dispute – that Defendants were served on May 23, 2018, *see* Dkt. Nos. 1-24 & 1-25, which made June 22, 2018, the deadline for removal under Section 1446(b)(1). But, before that 30-day removal period expired, Plaintiffs moved to nonsuit the case on May 31, 2018, *see* Dkt. No. 1-19, a motion the state court granted on June 4, 2018, *see* Dkt. No. 1-3.

Rule 162 of the Texas Rules of Civil Procedure provides that, "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit, which shall be entered in the minutes." TEX.R. CIV. P. 162; *see Le v. Kilpatrick*,112 S.W.3d 631, 633 (Tex. App.–Tyler 2003, no pet.). Parties have "an absolute right to nonsuit their own claims for relief at any time during the litigation until they have introduced all evidence other than rebuttal evidence at trial." *Villafani v. Trejo*, 251 S.W.3d 466, 468-69 (Tex. 2008); *accord* TEX. R. CIV. P. 162; *CHCA Woman's Hosp., L.P. v. Lidji*, 403 S.W.3d 228, 233 (Tex. 2013). A nonsuit extinguishes a case or controversy from "the moment the motion is filed" or an oral motion is made in open court; the only requirement is "the mere filing of the motion with the clerk of the court." *Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (internal quotation marks omitted).

While the date on which the trial court signs an order dismissing the suit is the "starting point for determining when a trial court's plenary power expires," a nonsuit is effective when it is filed. *In re Bennett*, 960 S.W.2d 35, 38 (Tex.1997); TEX. R. CIV. P.

329b. "Granting a nonsuit is a ministerial act, and a plaintiff's right to a nonsuit exists from the moment a written motion is filed or an oral motion is made in open court, unless the defendant has, prior to that time, sought affirmative relief." *In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (orig. proc.) (citing *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982) (per curiam)).

So, as of May 31, 2018 – 8 days after service and the commencement of Defendants' 30-day removal period under Section 1446(b)(1) – the case was no longer pending in state court to be removed.

The state court action was then reinstated by a June 27, 2018, order. *See* Dkt. No. 1-22. But Defendants' agent for service was not notified by certifed mail until July 31, 2018. *See* Dkt. No. 7, Ex. A; *see also* Dkt. No. 1 at 2 ("Defendants were not served with a copy of the motion to reinstate or the notice of hearing on the motion to reinstate. Plaintiffs served Defendants with notice that the matter was reinstated on August 3, 2018."). And Defendants removed the action on August 10, 2018. *See* Dkt. No. 1.

Their removal on that date was timely under Section 1446(b)(1)'s 30-day removal period if the Court starts the removal clock on May 23, 2018 and tolls the removal period between the date that the nonsuit was filed (May 31, 2018) and the date on which Defendants received notice of the case's reinstatement (July 31, 2018).

But Plaintiffs disagree with this approach, explaining that "Defendants state, in their Notice of Removal, that they were not served with a copy of the Motion to

-9-

Reinstate. This is true; for, they never entered an appearance in the case. Defendants were noticed on the entry of the Order, however." Dkt. No. 6 at 4. But there is no evidence of Defendants' being served with notice of the June 27, 2018, entry of the Order Granting Motion to Reinstate. *See* Dkt. No. 1-22.

And Plaintiffs rely on their assertion that, "under the terms of the statute the removal is untimely," where "[t]he guiding principles regarding removal have been stated thusly: 'Because removal jurisdiction 'raises significant federalism concerns,' *Willy*[ *v. Costal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)], courts must construe removal statutes 'narrowly, with doubts resolved in favor of remand to the state court.' *Jefferson Parish Hosp. Dist. No. 2 v. Harvey*, 788 F. Supp. 282, 283-84 (E.D. La. 1992). If there is any doubt that a right to removal exists, 'ambiguities are to be construed against removal.' *Samuel v. Langham*, 780 F. Supp. 424, 427 (N.D. Tex. 1992).' *Cuellar v. Crown Life Ins. Co.*, 116 F. Supp. 2d 821, 825, 2000 WL 1520950 (S.D. Tex. 2000)." Dkt. No. 6 at 4.

Here, for the reasons explained below, the 30-day removal period should be tolled between the date of nonsuit and the date that the case was reinstated in state court. Upon entry of the order granting the motion to reinstate, the case was again open and thus subject to removal under Section 1446(b)(1) – and Defendants do not contend that the order reinstating the case is void or ineffective due to lack of notice of the motion to reinstate or of the hearing on that motion.

And so the removal's timeliness under Section 1446(b) turns on whether, under Texas law, Defendants are charged with notice of the case's reinstatement on June 27,

2018, even without evidence of formal notice on Defendants of the state court's order reinstating the case, or, instead, whether the tolling period should extend until Defendants received formal notice on July 31, 2018.

Although Defendants cite Section 1446(b)(3), that subsection does not authorize the removal here because it does not govern where there is no allegation that the case stated by the initial pleading was not removable. *See Eclipse Aesthetics LLC v. RegenLab USA, LLC*, No. 3:16-cv-1448-M, 2016 WL 4800342, at *2 (N.D. Tex. Sept. 12, 2016) ("Thus, if the initial pleading sets forth a claim that triggers the removal clock, the defendant must file notice of removal within thirty days of receiving it. *See* § 1446(b)(1). If the initial pleading does not trigger removal, however, 'a notice of removal must be filed within thirty days of the defendant's receipt of a document from which it may ascertain that the case is, or has become, removable.' *See* § 1446(b)(3)."); *Educ. Mgmt. Servs., LLC v. Cadero*, No. 5:15-CV-686 RP, 2015 WL 6690401, at *1 (W.D. Tex. Nov. 2, 2015) ("The Court concludes Defendant is barred from removing the case to federal court now for two reasons. First, more than thirty days have passed since Defendant received Plaintiff's initial pleading, but Defendant has not shown that he was only able to ascertain that the case is removable upon the filing of a subsequent pleading, motion or paper. *See* 28 U.S.C. § 1446(b)(3).").

Put another way, Section 1446(b)(3) does not authorize a second bite at the apple where a case was initially removable and a defendant fails to timely remove during Section 1446(b)(1)'s removal period, and Defendants do not claim otherwise.

Defendants, rather, contend that this case became unremovable when it was nonsuited in state court before the original 30-day removal period closed, and they assert that the removal clock should be tolled from that point until the time at which they were formally notified of the order reinstating the case and making the case removable (as an open state court case) once again.

But Defendants have provided no authority under Texas law that would support a conclusion that they are not charged with notice of an order reinstating a case in which they were served with service of process. Defendants instead point to a decision out of the United States Court of Appeals for the Seventh Circuit that applied Indiana law in an apparently analogous context:

> Price first invokes the time limit in 28 U.S.C. § 1446(b), which requires a defendant to file for removal within 30 days of receiving the initial pleading setting forth the claim for relief (or receipt of the summons if the initial pleading is not required to be served). Price argues that this period expired 30 days after the defendants received the complaint in 1993, even though the case was voluntary dismissed two weeks after it was filed. He claims that under Indiana law, a lawsuit is not actually terminated when it is voluntarily dismissed, but rather remains pending indefinitely until such time as the plaintiff may seek reinstatement. He bases this argument on the distinction between a "cause of action" and a "cause" in Indiana law; a "cause" refers to a lawsuit, whereas a "cause of action" refers to an individual theory of liability within a "cause." *See e.g.*, *Songer v. Civitas Bank*, 771 N.E.2d 61, 66–67 (Ind. 2002). Price maintains that he voluntarily dismissed only his "cause of action" in 1993; he insists that his "cause" remained pending (emptied, as it were, of its "cause of action"), and the 30-day removal clock kept on ticking and expired.
> 
> What utter nonsense. To the extent there is a difference between a "cause" and a "cause of action" under Indiana law, that difference is completely irrelevant here. Songer defined these terms in the context of determining whether a single lawsuit containing both legal and equitable claims required a jury trial; the case neither involved nor made any mention of voluntary dismissals. *See id.* at 66. Price cannot identify a

single case supporting the notion that a voluntary dismissal terminates the "cause of action" but not the "cause." This is undoubtedly because the idea is so ridiculous; a "cause" (that is, lawsuit) cannot continue to exist once every "cause of action" within it has been dismissed. The Prices' voluntary dismissal terminated the entire case against the defendants. The "cause" did not remain pending, nor did the removal clock continue to run after the voluntarily dismissal.

Based on this same theory of a continuously pending lawsuit, Price also maintains that the defendants had a duty to continuously check the docket and therefore should be charged with constructive notice of the reinstated proceedings. This argument badly misconstrues basic principles of voluntary dismissal under Indiana law. "[O]nce a suit is voluntarily dismissed [,] the situation is just as though the suit has never been filed." *Burnett v. Camden*, 253 Ind. 354, 254 N.E.2d 199, 201 (1970). A voluntarily dismissed suit may be reinstated pursuant to Rule 41(F) of the Indiana Rules of Trial Procedure, and "[w]hen a case is dismissed and then reinstated, it stands as if it had not been dismissed." *Waitt v. Waitt*, 429 N.E.2d 6, 7 (Ind. App.1981) (holding that a party who failed to move for a change of venue within 30 days of receiving the initial complaint was not entitled to a new 30-day time limit when the case was reinstated after voluntary dismissal).

Accordingly, although the procedural obligations of the parties pick up exactly where they left off once a voluntarily dismissed action is validly reinstated, the defendants obviously have no ongoing obligations during the time in which the suit is dismissed. Upon reinstatement, the notice rights and duties of the parties depend upon the position the parties were in when the action was voluntarily dismissed. Price's theory of constructive notice is unsupported and unsupportable; the defendants were entitled under Indiana law to actual notice of the motion for reinstatement and all subsequent pleadings.

The Indiana Rules of Trial Procedure require a party to serve notice of all pleadings and motions on any party who is not in default. Ind. R. Trial P. 5(A). The record establishes that the defendants could have been in possession of the complaint for no more than 11 days at the time it was voluntarily dismissed. This is well within the 23 days which Indiana allows a defendant served by mail to file an appearance or answer. No default could have been entered against either defendant prior to dismissal; the defendants were in good standing when the case was voluntarily dismissed and thus were in good standing when it was reinstated. Price therefore had a duty under Rule 5(A) of the Indiana Rules of Trial Procedure to serve the motion to reinstate on the defendants – a duty that his counsel apparently deliberately ignored.

Price cites *Lyerson v. Hogan*, 441 N.E.2d 683 (Ind. Ct. App.1982),

> but that case involved neither a voluntary dismissal nor a defendant in good standing. *Lyerson* involved a lawsuit that languished for two years without an appearance or answer by the defendants and without any activity from the plaintiffs. The court dismissed the case for failure to prosecute; the plaintiffs orally moved to reinstate without notifying the defendants. The Court of Appeals of Indiana held that no notice was necessary in these circumstances because the defendants were in default at the time the case was dismissed. *Id.* at 686. The court cited a provision in Rule 5(A) of the Indiana Rules of Trial Procedure that excludes parties in default from the notice requirement unless the pleading asserts new or additional claims for relief. *Id.* Rather than supporting Price's position, *Lyerson* thus confirms that parties not in default at the time of dismissal must be served with the motion for reinstatement.
>
> The record demonstrates that the defendants did not receive notice of the reinstated lawsuit until June 14, 2004, when they were served with process in the garnishment proceedings. They sought removal eight days later, well within the 30-day limit even when the 11 days from June 1993 are counted. Accordingly, removal was timely, and the district court properly denied the motion to remand.

*Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 628-30 (7th Cir. 2007) (footnotes omitted).

Yet, what little analogous authority under Texas law the Court has been able to locate supports an order remanding this case based on untimely removal. In *Chamberlain v. Amrep, Inc.*, No. 3:04-cv-1776-B, 2004 WL 2624676, at *1-*2 (N.D. Tex. Nov. 18, 2004), United States District Judge Jane J. Boyle included the time from service to nonsuit in calculating whether a defendant's removal under Section 1446(b)(1) was timely upon the case's reinstatement.

This decision persuasively supports tolling the 30-day period during the period of dismissal on nonsuit, but its reasoning also supports restarting the previously tolled removal clock once "the state court issued an order reinstating the case." *Id.* at *2; *accord Partain v. Wells Fargo Bank, N.A.*, No. 4:11-cv-386-Y, 2011 WL 13233464, at

* 1-*2 (N.D. Tex. Oct. 31, 2011).

Judge Boyle's decision did not discuss whether the defendant in that case had made an appearance – although it apparently had – or was formally served with a notice of the motion to reinstate. But Defendants' lack of a formal appearance after being served makes no difference, where Section 1446(b)(1)'s removal clock runs from service. *See Murphy Bros.*, 526 U.S. at 347-48, 350 ("Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.").

And, despite "bear[ing] the burden of showing that federal jurisdiction exists and that removal was proper," *Manguno*, 276 F.3d at 723, Defendants have not explained how – whatever Indiana law may provide – Plaintiffs' counsel's failure to formally serve the motion to reinstate or the lack of service of the state court's order reinstating the case when it was entered (because Defendants had no attorneys appearing in the case at the time) means – under Texas law – that the tolling of the removal clock should end only upon service on Defendants on July 31, 2018, of notice of the order reinstating the case.

As explained above, the case law governing removal places a thumb on the scale in favor of remand in cases of ambiguity or doubt as to where removal was proper. And Defendants failed to explain and establish the basis for continuing to toll the 30-day removal period beyond the state court's entry of the order granting Plaintiffs' Motion to Reinstate on June 27, 2018 – that is, why, under Texas law and these particular

-15-

facts, Section 1446(b)(1)'s 30-day removal period did not restart on June 27, 2018 with entry of the order reinstating the case.

Thus, Defendants failed to meet their burden to show that they timely removed this case under 28 U.S.C. § 1446(b). They have not shown that their removal on August 10, 2018, falls within Section 1446(b)(1)'s 30-day removal period – whether or not the Court includes the 8 days from service of process on May 23, 2018, until Plaintiffs' filing of notice of nonsuit on May 31, 2018.

## Recommendation

For the reasons explained above, the Court should grant Plaintiffs' Motion to Remand [Dkt. No. 6] and remand this case to the 95th Judicial District Court of Dallas County, Texas, from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 6, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE